Date_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

# CV19 5530 RBL

FILED )   LODGED
)   RECEIVED
JUN 1 1 2019
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                      DEPUTY

Perry lee Wysinger

    Plaintiff

    VS.

DEPARTMENT OF VETERANS AFFAIRS

    Defendant

Civil Action No._____
_____

CASE no._____

Motion for Ruling By
the Court, Court A-
ward Plaintiff Relief
or Grand Plaintiff
Trial date

Response to order to show cause should evercive Jurisdiction over State Claims.
This matter come before the Court on the Plaintiff as Attorney to file a Complaint and Motion for leave to forma pauperis. The Plaintiff is unable to pay the cost for commencement of suit.
The Plaintiff Perry lee Wysinger, being a Veteran of the United State of America. Entered into the United State Army, year 1968. The Plaintiff Perry lee Wysinger was Honorably Discharged, in 1970. He left the Army as grade SS-5. In 1972, the Plaintiff went into the Army National Guard. The Plaintiff was HONORABLY DISCHARGED FROM THE Army National Guard. When discharged from the Army National Guard, his grade was SSG-6.
In the year of 1991, the Plaintiff Perry lee wysinger begain to have Medical problems. He wasn!t able to work or do anything. He applied for Social Security disability pension. He also applied for Non-service connected disability pension. Perry lee wysinger the plaintiff was granted Non-service disability pension 12-01-94. The Plaintiff received one check December 1995. The Plaintiff didn!t receive anything from January 1995 to November of 1995. The amount of the check was $669.00

The Plaintiff had to live off of food stamps for 5 years because of Social Security and Veterans Affairs. Begain december 1995, The Plaintiff received one check from Social Security at $769.20. The Department of Veterans Affairs cut me off of Non-service Connected disability pension, because of this $769.20 Social Security check. The Plaintiff perry lee wysinger suffered. The Plaintiff also suffered living on this $769.20 a month for 5 years, because of being cut off of the Veterans pension of $669.00 a month. With both, he wouldn!t have had to suffer. $1438.00 is not alot of money to get a month.

The Plaintiff perry lee wysinger is suing for back payment on Non-service connected disability pension, that he was granted in 1994, and was cut off in 1995. The Plaintiff was granted the pension in 1994. The Plaintiff received one check in December 31, 1995, then was cut off. He filed for a reinstatement on Non-service connected disability pension on 11-06-2014.

The Plaintiff is suing for back payment of $669.00 for 27 years. The total come to $216,756.00. Also suing for emotional distress, pain, suffering and discomfort. Also raises every year for 27 years. The Plaintiff is asking for $250,000.00, because of more suffering.

Person Filing Lawsuit as a Attorney in his on behalf

_Perry Lee Wysinger_
Signature

Date _06/10/19_

NOTARY OF PUBLIC

Signature

Date Signed

690 Washington St.
Many, LA 71449
318-315-5228

Evidence here showing the Plaintiff Perry lee
Wysinger haven!t had to pay filing fee. When I
were here at this Courthouse years ago, I didn!t
have to pay filing fee. Over 20 years I haven!t
had to pay filing fee. This is base on my Income.
A copy of my Income is being filed. I have filed
Lawsuits in three States, this is the best. Thank you

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

PERRY LEE WYSINGER         CASE NO. 5:18–CV–00568

VERSUS                      JUDGE DOUGHTY

DEPT OF VETERANS AFFAIRS      MAGISTRATE JUDGE HORNSBY

## ORDER

The application of Perry Wysinger to proceed *in forma pauperis* having been considered, it is the opinion of this Court that petitioner:

☒      does not have sufficient funds to pay a filing fee.  Accordingly, IT IS ORDERED that petitioner be allowed to proceed *in forma pauperis* in this action.

☐      has sufficient funds to pay the filing fee.  Therefore, *in forma pauperis* status is DENIED. IT IS ORDERED that petitioner pay the $400.00 filing fee within 30 days from the date of this ordered.  Failure to do so will result in the petition being stricken.

THUS DONE in Chambers on this ___30th___ day of _____April_____, 2018.

_____
Mark L. Hornsby
United States Magistrate Judge

## TO THE JUDGE

Question for the Judge, How would you like to live off of $769.20
a month for years, years, and years? Because of the Veterans
Affairs cutting you off of the pension. Once a Veteran receive th
e pension it is Permanent. The Plaintiff Perry lee Wysinger has
been done wrong by the Veterans Affairs. They should be made to
pay for there wrong doing, meaning pay the Plaintiff his money.
How can Veterans Affairs give a Veteran Non-service connected
disability pension, and refuse to give him or her service con-
nected? I filed for Non-service connected disability pension and
was granted, and received it. When the Veterans Affairs cut me
off of the Non-serice connected disability pension. I filed for
service connected disability pension 3 years ago, and where
denial. How can this be? Getting service connected disability
pension shouldn!t be a problem, if you already where receiving
Non-service connected disability pension. I!m I right or wrong?

Veterans Affairs need to pay me the backpay for cutting me off
Non-service connected disability pension, and put me back on it,
or pay me my backpay and put me on service connected disability
pension. Then pay me 3 years of backpay on service connected dis-
ability pension.

P.S. When a Veteran receive, Veterans pension, it is PERMANENT.
     I!m filing the evidence

As a Attorney

Plaintiff
Mr. Perry lee Wysinger

## Statement from the Plaintiff

Statement to the Judge that will be handling this Case. The Plaintiff Perry lee Wysinger Representing himself as a Attorney in his on behalf.

What this Case is all about. Veteran Affairs gave the Plaintiff Perry lee Wysinger Veterans pension. Because of a Social Security pension, Veterans Affairs took there pension back from The Plaintif perry lee wysinger. Veterans Affairs isn!t Social Security. I was told this by a licence Attorney. I the Plaintiff have evidence stating that Veterans pension is permanent, meaning to lasting, or mean to last for a very long time. Were is the Statement that state, you can receive VETERANS PENSION UNTEL YOU RECEIVE ANOTHER PENSION. I!m not on Social Security disability pension anymore, meaning the door for Veterans disability pension should be open. Veterans Affairs need to pay me what they owe me, and put me back on the pension.

4 years ago I were made a PAYEE. Look it up. You don!t give a person something, and take it back, then tell him or her that they or going to get paid, and don!t pay them, you just don!t do this. Think about this, how can Veterans Affairs give a Veteran Non-service connected disability pension, and refuse to give him or her service connected. I filed for service connected disability pension and was denial. I have paper work stating that I!M going to get paid. I!ve been waiting for 4 years.

P. S. I didn!t make myself a PAYEE.

P. S. I say know more, my evidence should speak for me.

_Perry Lee Wysinger_
Signature

This paper work here say, we apologize for the delay. This paper work isn!t saying, I!m being denialed. Denial, a saying no to a requast. A taking away or holding back. The Veterans Affairs are holding back from paying me. They shouldn!t be holding back, because I haven!t been denialed Non-service connected disability pension. I have been waiting for over 4 years to get paid. Explai n this to me. Question, How can Veterans Affairs grant a Veteran Non-service connected disability pension, and refuse to grant him or her service connected pension? The Plaintiff Perry wysinger filed for service connected disability pension 3 years ago, and where denial. Service connected pension, shouldN!t be a problem if you had already received Non-service connected pension. Am I right or wrong? You think about it. You see I!m a payee-The perso n to whom a check, money, etc is to be paid. It don!t take 4 years to pay someone. I didn!t make myself a payee. I rest my case.

**Department of**
**Veterans Affairs**

74   **January 6, 2015**

1250 POYDRAS ST STE 200
NEW ORLEANS LA 70113

In Reply Refer To:

PERRY LEE WYSINGER
P.O. BOX 181
MANY LA  71449

File Number:

26-682-006
PAYEE NO 00
P L WYSIN

We are still processing your application for COMPENSATION. We apologize for the delay. You will be notified upon completion of processing. If you need to contact us, be sure to show the file number and full name of the veteran.

If your mailing address is different than that shown above, please advise us of your new mailing address. You should notify us immediately of any changes in your mailing address.

If you reside in the Continental United States, Alaska, Hawaii, Guam, the Northern Marianas, or Puerto Rico, you may contact VA with questions and receive free help by calling our toll-free number 1-800-827-1000 (for hearing impaired TDD 1-800-829-4833). From American Samoa you may dial toll free 684-699-3730.

Note: TDD phone number 1-800-829-4833 does not work for callers residing in Guam and the Northern Marianas.

S. KELLY

VETERANS SERVICE CENTER MANAGER

11-6-2014

Evidence showing that I should get paid. I!m
a payee three times. file number 26_682_006
Payee No. 00Also the meaning of payee.

—**in the pay of,** working ....... nd paid by.
—**pay back,** to repay.   —**pay for, 1.** to be
punished because of.  **2.** to make up for.  —**pay
off,** to pay all that is owed.  —**pay out, 1.** to
give out, as money.  **2.** to let out, as a rope.
—**pay up,** to pay in full or on time.  —**paid** or
**payed** (*for meaning 2 of pay out*), *p.t. & p.p.*;
**pay′ing,** *pr.p.* —**pay′er,** *n.*
**pay·a·ble** (pā′ə b'l), *adj.*  **1.** due to be paid
[This bill is payable today.] ....... be paid
**pay·ee** (pā ē′), *n.*  the person to whom a check,
money, etc. is to be paid.
....... charge of paying wages to employees.
**pay·ment** (pā′mənt), *n.*  **1.** a paying or being
paid [the *payment* of taxes].  **2.** something paid
[a monthly car *payment* of $50].
**pay roll, 1.** a list of employees to be paid, with
the amount due to each.  **2.** the total amount
needed for this.
**Pb,**  symbol for the chemical element *lead.*
**pd.,**  abbreviation for **paid.**
**pea** (pē), *n.*  **1.** a climbing plant having green
pods with seeds in them.
**2.** the small, round seed,
eaten as a vegetable.
**peace** (pēs), *n.*  **1.** free-
dom from war or fight-
ing [to live in *peace*
with all countries].  **2.**
an agreement or treaty
to end war.  **3.** law and



Evidence on the Plaintiff Perry lee Wysinger was Entitlement to Non-service connected disability pension. Where approved an award for disability pension as follows; monthly rate, maximum annual income of $669.00 a month. The Plaintiff Perry lee Wysinger received one check December 1995 of $669.00, and where cut off.

Case 3:19-cv-01540-ALG   Document 1-1   Filed 06/11/19   Page 11 of 24

Department of Veterans Affairs     POA ALG     DATE OF RATING:  07/24/95

| NAME OF VETERAN | SOCIAL SECURITY NUMBER | VA FILE NUMBER |
|---|---|---|
| P. L. WYSINGER | | 26 682 006 |

## RATING DECISION

**38 CFR 3.321(b)(2)**

### ISSUE:

Entitlement to non-service connected disability pension under the provisions of 38 CFR 3.321(b)(2).

### EVIDENCE:

VA Examination dated 6/29/95 from VA Medical Center Shreveport.

### DECISION:

Entitlement to non-service connected disability pension under the provisions of 38 CFR 3.321(b)(2) is granted subject to Adjudication Officer approval.

### REASONS AND BASES:

The veteran, age 47, stated he last worked in 1991 as a construction worker. Records show the veteran has a high school education. Disability Social Security benefits was granted in January, 1995.

VA examination dated 6/29/95 was reviewed and considered. The report showed the veteran complained of neck pain and stiffness and of low back pain. The neurological examination of the upper extremities showed normal sensory testing with deep tendon reflexes of 2+ and equal and normal vibratory sense. Examination of the lower extremities showed no complaint, no pain, no evidence of muscle atrophy or wasting. The findings were insufficient to diagnose neurological disease since the veteran had no complaints or no evidence of a radicular syndrome. Range of motion showed dorsiflexion 10 degrees, plantar flexion 45 degrees, considered to be moderately disabling with pain on motion and swelling of the right ankle. Range of motion of the cervical spine and thoracolumbar spine were normal except backward extension of thoracolumbar spine of 30 degrees, mildly restricting, with no pain or tenderness. The examiner noted on the examination that the veteran advised that he was holding himself rigid because he was afraid he might have back pain during the exam. The examination also showed daily episodes of discomfort, particularly if he does not watch what he eats. The examiner also stated the evidence was insufficient to make a gastrointestinal diagnosis and a gastrointestinal work up was needed. The examiner indicated that possible degenerative arthritis of the cervical spine and degenerative arthritis or degenerative disk disease in the lumbar area; however, there was no evidence of such disabilities on examination. The veteran is currently taking medication for hypertension; blood pressure readings were 140/100, sitting, 120/96, recumbent, and 130/94, standing. Diagnoses are essential hypertension, minimal; post operative strain of the right ankle; chronic lumbar strain, moderate; possible degenerative arthritis of cervical strain and lumbar spine and degenerative disk disease of lumbar spine.

The evidence does not demonstrate that the veteran meets the schedular requirements of a single disability ratable at 60 percent or more, or two or more disabilities combining to 70 percent with at least one ratable at 40 percent. Considering the level of disability and other factors, such as, the veteran's age, education and occupational background, an extraschedular permanent and total disability rating is authorized, subject to approval of the Adjudication Officer.

**Department of**
**Veterans Affairs**

701 LOYOLA AVE                          74          August 17, 1995
NEW ORLEANS LA 70113

IN REPLY REFER TO:

PERRY L WYSINGER                                    FILE NUMBER:
P O BOX 181                              26-682-006/00
MANY LA  71449                           P L WYSIN


We approved an award for Disability Pension as follows:

| EFFECTIVE DATE | MONTHLY RATE | COUNTABLE ANNUAL INCOME | MAXIMUM ANNUAL RATE |
|---|---|---|---|
| 12-01-94 | $669.00 | 00000 | 08037 |
| 1-01-95 | $0.00 | 16685 | 08037 |

VA pays a pension which is the difference between countable
annual income and a maximum annual rate.  You can determine
the monthly payment rate as follows:

  (1) subtract countable annual income from the maximum annual
  rate;
  (2) divide that answer by 12;
  (3) round this answer down to the nearest whole dollar.

We based this award on countable annual income of $0 from
November 28, 1994. To determine the countable income, we
included the following sources of income you reported:

VETERAN :  EARNED  $00000; SOCIAL SECURITY  $00000;
           RETIREMENT $00000; INTEREST $00000;
           INSURANCE $00000; AND OTHER INCOME $00000.

From January 1, 1995, we based the VETERAN'S
award on countable annual income of $16685. We determined
countable income by including the following sources of income:

VETERAN :  EARNED  $00000; SOCIAL SECURITY  $08988;
           RETIREMENT $00000; INTEREST $00000;
           INSURANCE $00000; AND OTHER INCOME $07697.

Payments have been discontinued as shown, because countable
annual income from that date exceeds $8037. If there is a
reduction in income and you reopen your claim, please complete
the enclosed VA Form 21-0516-1 showing income received and
expected for 12 months following termination and for the

Case 3:19-cv-05530-RBL   Document 1-1   Filed 06/11/19   Page 13 of 24

**en·throne** (in thrōn′), *v.* **1.** to seat on a throne. **2.** to place in a high position; exalt. —**en·throned′**, *p.t. & p.p.;* **en·thron′ing**, *pr.p.*

**en·thuse** (in thŏoz′), *v.* to show or fill with enthusiasm: *used only in everyday talk.* —**en·thused′**, *p.t. & p.p.;* **en·thus′ing**, *pr.p.*

**en·thu·si·asm** (in thŏo′zi az′m), *n.* a strong liking or interest [an *enthusiasm* for golf].

**en·thu·si·ast** (in thŏo′zi ast), *n.* a person who is full of enthusiasm.

**en·thu·si·as·tic** (in thŏo′zi as′tik), *adj.* full of enthusiasm; showing great interest or liking [an *enthusiastic* follower; *enthusiastic* applause]. —**en·thu·si·as′ti·cal·ly**, *adv.*

**en·tice** (in tīs′), *v.* to tempt by offering something that is wanted [He *enticed* the bird to eat from his hand.] —**en·ticed′**, *p.t. & p.p.;* **en·tic′ing**, *pr.p.* —**en·tice′ment**, *n.*

**en·tire** (in tīr′), *adj.* **1.** including all the parts; whole; complete [The *entire* class is here.] **2.** not broken, not lessened, not weakened, etc. —**en·tire′ly**, *adv.*

**en·tire·ty** (in tīr′tē), *n.* wholeness; completeness. ~~en·tire·ly; as a whole~~

**en·ti·tle** (in tī′t′l), *v.* **1.** to give a right or claim to [This ticket *entitles* you to be admitted free.] **2.** ~~to give a name or title to~~ [Shakespeare's comedy was *entitled* "A Comedy of Errors."] —**en·ti′tled**, *p.t. & p.p.;* **en·ti′tling**, *pr.p.*

**en·ti·ty** (en′tə tē), *n.* **1.** a real being or real thing, not just an idea, quality, etc. [A person is an *entity*. A law firm is an *entity*.] **2.** being or existence. —**en′ti·ties**, *pl.*

**en·tomb** (in tŏom′), *v.* to put in a tomb; bury.

**en·to·mol·o·gy** (en′tə mäl′ə jē), *n.* the science that studies insects. —**en·to·mo·log·i·cal** [en′tə mə läj′i k′l], *adj.* —**en′to·mol′o·gist**, *n.*

**en·trails** (en′trālz), *n.pl.* the parts inside an ~~animal's body, especially the intestines.~~

Evidence from the Computer, giving evidence of code 38 CFR, 3.
321 (b) (2). Showing when a Veteran receive a pension under this
code it is PERMANENT. Permanent dosen!t mean permanent untel you
get another Income. Permanent mean lasting or meant to last for
a very long time Like one!s you get permanent teeth, should last
as long as one lives.The Plaintiff Perry lee Wysinger was cut off
the Veterans pension because of a Social Security pension. Vete-
rans Affairs isn!t Social Security,The Plaintiff Perry wysinger
done both, and was granted both, Incomes and received a check
from both.. Why shouldn!t he have both?

(Authority: 38 U.S.C. 1155 (https://www.law.cornell.edu/uscode/text/38/1155))

**(b)** *Exceptional cases* -

**(1)** *Compensation.* Ratings shall be based as far as practicable, upon the average impairments of earning capacity with the additional proviso that the Secretary shall from time to time readjust this schedule of ratings in accordance with experience. To accord justice, therefore, to the exceptional case where the schedular evaluations are found to be inadequate, the Under Secretary for Benefits or the Director, Compensation Service, upon field station submission, is authorized to approve on the basis of the criteria set forth in this paragraph an extra-schedular evaluation commensurate with the average earning capacity impairment due exclusively to the service-connected disability or disabilities. The governing norm in these exceptional cases is: A finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards.

**(2)** *Pension.* Where the evidence of record establishes that an applicant for pension who is basically eligible fails to meet the disability requirements based on the percentage standards of the rating schedule but is found to be unemployable by reason of his or her disability(ies), age, occupational background and other related factors, the following are authorized to approve on an extra-schedular basis a permanent and total disability rating for pension purposes: the Veterans Service Center Manager or the Pension Management Center Manager; or where regular schedular standards are met as of the date of the rating decision, the rating board.

**(3)** *Effective dates.* The effective date of these extra-schedular evaluations granting or increasing benefits will be in accordance with § 3.400(b)(1) and (2) as to original and reopened claims and in accordance with § 3.400(o) in claims for increased benefits.

**(c)** *Advisory opinion.* Cases in which application of the schedule is not understood or the propriety of an extra-schedular rating is questionable may be submitted to Central Office for advisory opinion.

# perk

**erk** (pŭrk), *v.* **1.** to raise in a quick and lively way [He *perked* up his head at the noise.] **2.** to make stylish or smart [all *perked* out in a new dress]. —**perk up,** to become lively.

**perk·y** (pŭr′ki), *adj.* gay or lively [a *perky* ~~...]. perk′i·er, ~~compar., ~~perk′i·est, supe~~

**per·ma·nent** (pŭr′mə nənt), *adj.* lasting or meant to last for a very long time [One's *permanent* teeth should last as long as one lives.] ~~...a permanent wave.~~ —**per′ma·nence** or **per′ma·nen·cy,** *n.* —**per′ma·nent·ly,** *adv.*

**permanent wave,** a hair wave put in by means of chemicals or heat and lasting for months.

**per·me·a·ble** (pŭr′mi ə b'l), *adj.* that will let liquids or gases pass through [Blotting paper is a *permeable* material.] —**per′me·a·bil′i·ty,** *n.*

**per·me·ate** (pŭr′mi āt), *v.* to pass through or spread through every part of [The smells of cooking *permeated* the house.] —**per′me·at·ed,** *p.t. & p.p.;* **per′me·at·ing,** *pr.p.*



## Department of
## Veterans Affairs

VA Pension Center
PO Box 342000
Milwaukee, WI 53234-9907

**Official Business**

Address to were the Law suit
should go.

Department of Veterans
Affairs

1250 Poydras ST   STE 200
New Orleans LA 70113

71449-35239

Evidence on how the Plaintiff Perry lee Wysinger
as a Attorney were treated in the State of Louisiana.
I will say this, I should have won this Case by Default
and evidence. Read the evidence.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| PERRY LEE WYSINGER | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 5:18–CV–00568–TAD–MLH |
| | ) Judge Terry A Doughty |
| DEPT OF VETERANS AFFAIRS | ) |
| Defendant | ) |

### SUMMONS IN A CIVIL ACTION

To:
**ATTN: CIVIL PROCESS CLERK**
**U.S. ATTORNEY GENERAL**
**950 PENNSYLVANIA AVENUE, N.W.**
**WASHINGTON, D.C. 20530–0001**

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) − or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) − you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> **Perry Lee Wysinger**
> **690 Washington St**
> **Many, LA 71449**

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



*CLERK OF COURT*

Date: __4/30/2018__

/s/ − Tony R. Moore

## Statement From The Plaintiff

   Statement on what the Court should have done, and didn!t do.
When the Defendant, Veterans Affairs didn!t do as the Court
requested, justment by default should have been granted in faver
of the Plaintiff. The Plaintiff should have received what he
demand in his Lawsuit.The Court didn!t do what was said on the
paper work that I received from the Court. I should be Suing the
Court.

Plaintiff Signatu
re

*Perry Lee Wysinger*

<u>Evidence on what the Defendant didn!t do</u>

Should have been done by the Defendant, Veterans Affairs. But nothing was done.

Serve_ To deliver or hand over. To serve a Summens, to appear in Court. Nothing was serve to the Plaintiff Complaint.

The Defendant didn!t serve any papers upon the Plaintiff or the Court.

Motion- Asking for something to be done or demand by the Court.

The Defendant Veterans Affairs didn!t file a Motion to the Court, or mail a Motion to the Plaintiff, that was ask by the Court. Veterans Affairs made me a PAYEE. I didn!t make myself a PAYEE. PAYEE_ mean The person to whom a check, money etc is to be paid.

Plaintiff Signature

*Perry Lee Weisinger*

## Statement From The Plaintiff

Conformation of facts to the Judge regarding this Case. The Judge has to decide weather or not this Case go forward.

The Plaintiff Perry Lee Wysinger was Entitle to and granted Non-Service Connected Disability Pension under the provision of 38 (FR 33.21 (b) (2). A monthly rate at $669.00. The Plaintiff was cut off of Veterans pension. Plaintiff found evidence stating once a Veteran receive Veterans pension it is PERMANENT. Veterans Affairs has two ways to go, pay the Plaintiff all of his back pay and put him back on Non-Service Connected Disability Pension or pay him his back pay, and put him on Service Connected Pension. The Plaintiff filed three claims against the veterans Affairs for cutting him off of his Pension. Also filed a claim on Service Con nected Pension three years ago.

Department of Veterans Affairs at 1250 POYDAS ST. STE 200 New Orleans Louisiana 70113, has made me a PAYEE, and refuse to pay me. You see, if a Veteran can get Non-Service Connected Pension. If the Veteran has problems because of his or her Military Servic e. Should be able to get service connected pension with know problems.

## Closing Remarks

You do not give a veteran, Veteran Pension and take it back. You just don!t do this. This is America Jack. When did the Vetera ns Affairs become a Indian? They say, a Indian will give you some thing, and take it back. I rest my CASE.

Signature of Plaintiff

*Perry Lee Wysinger*

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

**PERRY LEE WYSINGER**                    **CIVIL ACTION NO. 18-cv-0568**

**VERSUS**                                            **JUDGE DOUGHTY**

**DEPT. OF VETERANS AFFAIRS**      **MAGISTRATE JUDGE HORNSBY**

## J U D G M E N T

For the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, including Plaintiff's letter [Doc. No. 10], and concurring with the findings of the Magistrate Judge under the applicable law,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff Perry Lee Wysinger's Complaint is **dismissed without prejudice** for lack of subject matter jurisdiction.

MONROE, LOUISIANA, this 11th day of May, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| PERRY LEE WYSINGER | ) | CASE NO.5:16_CV__01296 |
| | ) | |
| Plaintiff | ) | JUDGE FOOTE |
| | ) | |
| VS. | ) | MAGISTRATE JUDGE |
| | ) | HORNSBY |
| DEPT OF VETERANS AFFAIRS | ) | |
| | ) | MOTION OF RULING |
| Defendant | ) | |
| | ) | Court Award Plaintiff |
| | ) | Relief, or Grand |
| | ) | Plaintiff Trial Date |

## MOTION OF RULING BY THE COURT

Come now the Plaintiff in the above CASE, In his on Behalf make a Motion of Reliel by the Ruling of the Court. Base upon the following ground.

The Plaintiff knows , that the Defendant, Veterans Affairs was Negligant in this CASE..

Not forfilling there Abnegation by Law and rules regarding Entitle_ ment to Non_ service Connected disability Pension under the provision of 38 CFR 3.321(b)(2).

Once this Pension is granted or given to a Veteran, it is Permanent, meaning should last as long as one should live.

The Negligant came when the Plaintiff received one check, then was cut off of his Veteran Pension.

The Plaintiff has two Honorable Discharges, one from, United State Army, Army National Guard. I believe the Plaintiff was Granted Non- Service Connected disability Pension, because of his Commitment to the Military service, and that he has No Income.

The Plaintiff hope that the Court see this the way he see it. The Plaintiff has never been denial his Veteran Pension. There isn!t one sheet of evidence stating that he is denialed his Pension. The Plaintiff has to be denial, before they can refuse to pay him. All the evidence the plaintiff received from the Veterans Affairs, is that they are PROCESS- ing processing_ A series of changes by which something develops. A method of making or doing something.

The Plaintiff refiled for his Veterans Pension the six of November. It has been two years now. The Plaintiff was cut off of his pension December 1995.

The Veterans Affairs are saying, we don!t have the time to pay the Plaintiff.

NOTARY OF REPUBLIC   050997
Signature

Nov. 17, 2016

Plaintiff Signature

Acting Attorney in

his own Behalf